# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEAMFITTERS LOCAL UNION 449** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** <u>2:23-cv-1673</u> |
| | ) | |
| | ) | |
| **SIMAKAS COMPANY, INC. OF** | ) | |
| **MECHANICAL CONTRACTORS** | ) | |
| **ASSOCIATION OF WESTERN** | ) | |
| **PENNSYLVANIA** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | Filed on behalf of Plaintiff |
| | ) | |

Counsel for the Plaintiff

Joseph J. Pass, Esq.
PA ID #: 00044
Jubelirer, Pass & Intrieri, P.C.
Firm #141
219 Fort Pitt Boulevard
Pittsburgh, Pennsylvania 15222

412-281-3850

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEAMFITTERS LOCAL UNION 449** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** 2:23-cv-1673 |
| | ) | |
| | ) | |
| **SIMAKAS COMPANY, INC. OF** | ) | |
| **MECHANICAL CONTRACTORS** | ) | |
| **ASSOCIATION OF WESTERN** | ) | |
| **PENNSYLVANIA** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | Filed on behalf of Plaintiff |
| | ) | |

## COMPLAINT

Plaintiff, Steamfitters Local Union 449 by and through their undersigned counsel, Joseph J. Pass and Jubelirer, Pass & Intrieri, P.C. file this Complaint against Defendant, Simakas Company, Inc. of Mechanical Contractors Association of Western Pennsylvania, in support of which, they aver the following:

## THE PARTIES

1.      Plaintiff is Steamfitters Local Union 449 (hereinafter "Local 449" or "Union"), is a certified exclusive labor representative of journeymen and apprentices of the plumbing and pipe fitting industry. Local 449 maintains an Agreement with the Mechanical Contractors Association of Western Pennsylvania, Inc. (hereinafter "MCA") to—in part—facilitate grievance procedures

1

for disputes that may arise between Local 449 and the MCA and its signatories. A copy of the Agreement in effect at the time of this dispute is attached hereto as Exhibit A.

2.    Defendant Simakas Company, Inc. (hereinafter "Simakas"), is a non-member mechanical contractor signatory of MCA Collective Bargaining Agreement (CBA). Defendant Simakas is organized and operates under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 630 Route 228, Mars, Pennsylvania 16046. As a non-member signatory contractor of the MCA-CBA Simakas voluntarily chose to be bound by the local MCA Agreement (hereinafter "Agreement") between the Plaintiff Union and the MCA.

## JURISDICTION AND VENUE

3.    This court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

4.    Venue is proper in the Western District of Pennsylvania under 28 U.S.C. § 1391 and 29 U.S.C. § 185(a) because Plaintiff operates out of this district, Defendant's principal place of business is located in this district, and the events giving rise to this claim occurred in this district.

## FACTUAL ALLEGATIONS AND CLAIM

### Count I—Breach of Contract—29 U.S.C. § 185(a)

5.    Paragraphs 1-4 are incorporated as if fully set forth herein.

6.    The MCA otherwise known as the Mechanical Contractors Association of Western Pennsylvania Inc., is an employer organization representing 37 members consisting of mechanical contractors and 57 non-member signatory mechanical contractors in 16 counties in Western Pennsylvania.

7.    In 1990, the Defendant Simakas requested the right to become a signatory employer to the Collective Bargaining Agreement between Steamfitters Local 449 and the MCA.

8.      On June 4, 1990, consistent with the Defendant's request, Defendant Simakas voluntarily became a signatory to the MCA Agreement of Local 449. A copy of the Agreement in effect at that time executed by Defendant Simakas is attached hereto as Exhibit B.

9.      As a result, Defendant voluntarily became a non-member signatory contractor to the Agreement effective upon the June 4, 1990 signing.  A copy of the signature page is attached as Exhibit B-1.

10.     In relevant part, Article XXVI of the 1990 Agreement provided:

> Should either party to this Agreement desire to change or terminate it, notice in writing shall be given to the other part [sic] not less than ninety (90) days before the expiration date of this Agreement; otherwise, this Agreement shall automatically remain in force for an additional year.

This provision has remained in effect since Defendant signed the Agreement on June 4, 1990, and has consistently remained in effect in every previous agreement between the MCA and Plaintiff Local 449.

11.     Since signing the Agreement in June of 1990, Defendant has not provided written notice of a desire to terminate the Agreement. Thus, pursuant to the Agreement, Defendant, as a non-member signatory contractor, automatically renewed each contract term since June 4, 1990.

12.     Article VII of the Collective Bargaining Agreement in affect at the time of the alleged breach as well as all subsequent agreements provided as follows:

> Section 7.1-All pipe must be cut off and threaded by journeymen at the shop or on the job, either by hand or machine.  All pipe must be cut, threaded, grooved and otherwise prepared for mechanical and welded applications as well as fabricated random lengths of 21 feet plus or minus one foot and 43 feet, plus or minus one foot from the mill, supply house or manufacturer.

3

Section 7.2-Fittings must be made by journeymen at the shop or on the job at the option of the Employer.

Section 7.3-All acetylene, electric and other forms of welding in conjunction with the work coming within the trade jurisdiction of the United Association shall be performed by journeymen as defined in this Agreement.

Section 7.5-The Employer may have welded boiler headers fabricated by manufacturers regularly engaged in this call of work who employ journeymen represented by Local Union No. 449. It is understood and agreed that if the Employer is equipped to fabricate this class of work, then the work is to be performed by journeymen, as defined in this Agreement, who are in his employ.

Section 7.6-The laying out and cutting of all holes, chases and channels, the setting and erection of blots, inserts, stands, brackets, supports, sleeves, thimbles, hangers, conduit, and boxes used in connection with the pipe fitting industry will be performed by members of the bargaining unit.

13.    Since 1990, Defendant has consistently ratified the Agreement by providing work to Local 449 members including work covered by the parties' MCA Agreement as set forth in Article VII.

14.    Defendant has never provided a written notice to terminate any of the Agreements.

15.    In the latter part of 2022 and early 2023, Defendant contracted work which pursuant to Article VII is within the exclusive jurisdiction of Plaintiff's Union but nevertheless, assigned such work to Boilermakers Local 154. Such action is in clear violation of the MCA Agreement

4

16.    Plaintiff grieved Defendant's violation of the Agreement, as this work was within the exclusive jurisdiction of Local 449. A copy of that grievance is attached hereto as Exhibit C.

17.    Article IX of the grievance procedure of the 2018-2023 Agreement provides that:

> During the term of this Agreement should any differences or disputes arise between the Contractors Association and/or an Employer, and the Union, or any of its members employed by an Employer, involving any matter related to questions or interpretations, meaning application or compliance with any of the provisions of this agreement, with the exception of jurisdictional disputes, there shall be no suspension of work, strike or lockout on account of such differences but they shall be settled in accordance with the procedures established. . . . All independent subscribing employers agree to be bound by the arbitration procedures set forth herein. . . .

18.    Although Article VIII provides "all jurisdictional disputes not resolved by the parties shall be submitted for final and binding arbitration to the Impartial Jurisdictional Disputes Board for the Construction Industry, hereinafter 'Board,' or any successor thereto adopted by the Building & Construction Trades Department of the AFL-CIO and participating employer," the jurisdictional disputes board will not decide jurisdictional disputes unless filed prior to the completion of the work.

19.    Plaintiff Union did not discover Defendant's violation until the above-mentioned work had been completed. Therefore, provisions of Article VIII, dealing with jurisdictional disputes are inapplicable.

20.    On February 7, 2023, the grievance proceeded to Step Two of Article IX of the Agreement.

21.    At the second step the parties became deadlocked, and by e-mail on March 15, 2023, Plaintiff's counsel moved to select a neutral arbitrator to arbitrate the grievance a copy of the email is attached hereto as Exhibit D attached hereto.

5

22.     Defendant refused to arbitrate the grievance and by letter of March 31, 2023, claiming Defendant maintained it had no contractual relationship with Plaintiff Union. A copy of said letter is attached hereto as Exhibit E.

23.     Defendant has improperly and unlawfully refused to proceed to arbitration over Plaintiff's grievance.

24.     As the parties' CBA requires that all disputes be resolved through the peaceful process of arbitration, this Court is requested to order Defendant to proceed to arbitration of the Plaintiff's grievance pursuant to terms of the Agreement.

25.     The failure to proceed to arbitration will deny Plaintiff its right to a peaceful resolution of disputes resulting in the Plaintiff resorting to its right to self help.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court enter a judgment and order against Defendant and grant the following relief:

a.  An order compelling Defendant to arbitrate the grievance filed by Plaintiff;

b.  To engage in the process of selecting a neutral arbitrator and to hear the dispute in accordance with the terms set forth in the parties Agreement;

c.  An award of Plaintiff's reasonable attorneys' fees and costs incurred to bring this action; and

d.  Any other relief this Court deems just and proper.

6

Respectfully submitted,


/s/ Joseph J. Pass
Joseph J. Pass, Esquire
Jubelirer, Pass & Intrieri
219 Fort Pitt Boulevard
Pittsburgh, PA 15222
412-281-3850
jjp@jpilaw.com
Pa. Attorney ID: 00044